OPINION
{¶ 1} Billy R. Hall appeals from his conviction in the Common Pleas Court of domestic violence and aggravated assault pursuant to his guilty pleas. Hall was sentenced to three months in jail on the domestic violence charge and twelve months on the aggravated assault charge with the sentences to be served concurrently.
 {¶ 2} In his first assignment, Hall contends the trial court erred and abused its discretion in failing to sentence him to community control as agreed to by the State of Ohio pursuant to plea negotiations. The record does support Hall's contention that the State agreed with him that he would receive community control for his plea in the domestic violence matter. The court noted the agreement, but did not advise Hall that the court was not required to impose the agreed sentence. The record does not support his contention that the State agreed to a sentence of community control on the aggravated assault charge. The State agreed to remain silent regarding the sentence Hall should receive on the aggravated assault conviction. (See T. 7 and 8 Disposition, May 17, 2005.) Hall's assignment is well-taken as it pertains to the sentence he received on the domestic violence charge. It is not well-taken as it pertains to the aggravated assault conviction.
 {¶ 3} In his second assignment, Hall argues that the trial court abused its discretion when it sentenced him to more than the minimum term when he had not previously served a prison term.
 {¶ 4} Hall argues that the trial court abused its discretion in imposing more than the minimum sentence upon him because he had no previous juvenile or adult criminal record prior to the two incidents that led to the charges being made against him. R.C. § 2929.14(B) requires a court, if it is imposing a prison term on an offender who has previously not served a prison term to impose the shortest prison term authorized for the offense. The exception is if the Court finds on the record that the seriousness of the offender's conduct will be demeaned or the public would not be adequately protected from future crime by the offender or others if the shortest authorized sentence were imposed.
 {¶ 5} The State notes that the trial court found that the physical harm inflicted upon the victim was the factor that overcame the statutory presumption for a community control disposition. R.C. 2929.13(B)(1) provides that in imposing a sentence for a felony of the fourth or fifth degree, the sentencing court shall determine, inter alia, whether in committing the offense, the offender caused physical harm to a person. The court found that Hall fractured the victim's jaw and eye socket and that the victim incurred medical damages in excess of five thousand dollars. The court noted that Hall committed the aggravated assault upon Lucas Fultz just a couple of weeks after he beat up his girlfriend. (T. Page 8, Disposition.)
 {¶ 6} Aggravated assault is a fourth degree felony and the minimum sentence is six months in jail and the maximum sentence is eighteen months. Hall received a sentence in the middle of the statutory range. The trial court properly considered the purposes and principles of R.C. 2929.11, et seq., and we find the trial court did not abuse its discretion in imposing the twelve month sentence upon the defendant. His second assignment of error is Overruled.
 {¶ 7} In his last assignment, Hall argues that the sentence imposed upon him violates the Cruel and Unusual Punishment provisions of the Ohio Constitution, Art. 1, Sec. 9. He contends the punishment imposed by the trial court was unduly harsh because he was not afforded an opportunity to be placed on community control or be sentenced to the minimum term. This assignment is wholly without merit. The trial court appropriately found a statutory factor making community control inappropriate and a statutory ground for imposing more than the minimum six month sentence, that the minimum sentence would demean the seriousness of the defendant's conduct. The sentence was neither cruel nor unusual in a constitutional sense. The third assignment of error is Overruled.
 {¶ 8} The three month sentence imposed by the trial court on the domestic violence charge is hereby Reversed and Remanded for resentencing. In all other respects, the Judgment of the trial court is Affirmed.
Grady, P.J., and Donovan, J., concur.